**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**



Filed/Docketed
May 11, 2026

IN RE:

Harvey Blake Haddock,

Case No. 22-10503-T
Chapter 7

Debtor.

## ORDER SUSTAINING OBJECTION TO TRUSTEE'S FINAL REPORT AND GRANTING MOTION TO EXTEND TIME TO FILE CLAIM

THIS MATTER comes before the Court pursuant to the Trustee's Final Report (the "TFR"),[1] filed by Scott P. Kirtley the duly appointed chapter 7 trustee assigned to this case ("Trustee"); a letter,[2] filed by Steven Scattini ("Mr. Scattini"), which this Court has treated as an objection to the TFR and a motion under Federal Rule of Bankruptcy Procedure 3002(c)(7) (the "Scattini Objection and Motion"),[3] requesting that the Court extend the time to file a timely proof of claim or treat his claim as timely filed; objections to the Scattini Motion filed by Thomas Downie, creditor herein (the "Downie Objection")[4] and Trustee (the "Trustee's Objection");[5] and the Affidavit of Douglas M. Schumacher.[6] The Court held a hearing on April 14, 2026, at which all parties consented to the Court taking this matter under advisement based on the written motions, objections, and affidavits on file.[7] The following "Findings of Fact" and "Conclusions of Law" are made pursuant to Rule 7052, which is made applicable to this contested matter pursuant to Rule 9014.[8]

---

[1] ECF No. 96.

[2] ECF No. 101.

[3] ECF No. 104.

[4] ECF No. 108.

[5] ECF No. 109.

[6] ECF No. 111.

[7] ECF No. 112.

[8] Unless otherwise noted, all references to a "Rule" are to the Federal Rules of Bankruptcy Procedure.

## Jurisdiction

The Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. § 1334(b).[9] Venue is proper pursuant to 28 U.S.C. § 1409. Reference to the Court of the bankruptcy case is proper pursuant to 28 U.S.C. § 157(a). Matters concerning administration of the estate are core proceedings as defined by 28 U.S.C. § 157(b)(2)(A).

## Findings of Fact[10]

Harvey Blake Haddock ("Debtor") filed a voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code on June 1, 2022. Mr. Scattini was listed by Debtor in his bankruptcy schedules as an unsecured creditor, although his address was listed in care of an attorney, Douglas M. Schumacher, Schumacher Law Firm ("Schumacher").[11] A notice captioned "Notice of Chapter 7 Bankruptcy Case —— No Proof of Claim Deadline" was sent to all parties in interest on June 3, 2022, as reflected by the Certificate of Mailing (the "BNC 341 Notice"), including to *Steve Scattini, c/o Douglas M. Schumacher, Schumacher Law Firm, 12625 North Saguaro Blvd, Ste 115, Fountain Hills, AZ 85268-4185*.[12] The BNC 341 Notice included the following statements:

> Please do not file a proof of claim unless you receive a notice to do so.

> No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline.[13]

---

[9] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq.

[10] Because the Court did not hear testimony or accept additional evidence, the Court will treat statements made in letters, motions, objections, and affidavits as true unless they are contradicted by other parts of the record. All parties agreed there are no disputed issues of fact, and the Court could decide the matter as a legal issue.

[11] ECF No. 1, at 29.

[12] ECF No. 7, at 1.

[13] *Id*. at 4 ¶ 10.

Schumacher has represented Mr. Scattini in a number of matters in the past, including a commercial cause of action against Debtor. Schumacher has never represented Mr. Scattini in a bankruptcy matter. In 2022, Schumacher received the BNC 341 Notice related to Debtor's bankruptcy case.  Schumacher contacted Mr. Scattini about the BNC 341 Notice and advised him that he could not represent him in this bankruptcy matter. Since that time, Schumacher has relocated his office and does not recall receiving other notices from the Court.

Mr. Scattini and the Trustee began communications by telephone and email on June 27, 2022. Their first ten communications were centered on the Trustee's objection to the Debtor's claim of exemption and the discovery of other possible assets.  The Trustee or his staff had more than 15 additional communications with Mr. Scattini prior to December 10, 2024, the date Mr. Scattini filed his proof of claim.

On July 8, 2022, Trustee filed a Notice to File Proof of Claim, which established October 12, 2022 (the "Claims Bar Date") as a deadline for creditors to file proofs of claim in this case.[14]  The notice was sent to all parties in interest on July 10, 2022, as reflected by the Certificate of Mailing (the "BNC Bar Date Notice"), including to *Steve Scattini, c/o Douglas M. Schumacher, Schumacher Law Firm, 12625 North Saguaro Blvd, Ste 115, Fountain Hills, AZ 85268-4185*.[15]  On May 21, 2024, the Trustee filed his Motion to Approve Settlement and Notice of Opportunity for Hearing (the "Downie Motion").[16] In the Downie Motion, Trustee sought approval of a settlement regarding an unsecured claim filed by Mr. Downie and allowing the claim in the amount of $900,000.00.[17] In the Downie Motion, Trustee noted that there are "only two other allowed claims in this case, totaling $31,279.98 ($9,710.58 of which is an IRS priority claim)."[18]  Notice of the Downie Motion was given

---

[14] ECF No. 19.
[15] ECF No. 21.
[16] ECF No. 69.
[17] *Id.*
[18] *Id.* ¶ 17.

to all parties in interest on May 21, 2024, as reflected by the Certificate of Service, including to *Steve Scattini, c/o Douglas M. Schumacher, Schumacher Law Firm, 12625 North Saguaro Blvd, Ste 115, Fountain Hills, AZ 85268-4185*.[19]   No objections to the Downie Motion were filed, and the Court entered its Order Approving Settlement of Controversy on July 2, 2024.[20]

On December 10, 2024, Mr. Scattini filed a proof of claim in the amount of $325,000.00 (the "Scattini Claim").[21] On January 13, 2026, Trustee filed the TFR.[22]  The TFR treats the Scattini Claim as tardily filed under § 726(a)(3), meaning it will receive no payment from the estate until all timely filed claims have been paid in full.[23]  Because it was not entitled to receive a distribution from the estate under the TFR, Trustee did not lodge any objections to the Scattini Claim.

On January 29, 2026, Mr.  Scattini filed the letter, which the Court has designated the Scattini Objection and Motion.[24] Mr. Scattini asserts that neither he nor Schumacher received the BNC Bar Date Notice or any other notice that he was allowed to file a proof of claim in the case.  Both Mr. Scattini and Schumacher confirm that Schumacher did not represent Mr. Scattini in the bankruptcy matter.  As soon as Mr. Scattini became aware that a proof of claim was required, he acted to file the proper forms.  Because he was not served with the BNC Bar Date Notice or otherwise given notice of the Claims Bar Date, Mr. Scattini objects to the treatment of his claim as tardily filed, and asks the Court to treat his claim as timely filed.

Both Mr. Downie and Trustee have objected to the Scattini Motion. Mr. Downie objects based on grounds that Mr. Scattini was represented by counsel, who continued to receive formal notice from

---

[19] ECF No. 70, at 9.

[20] ECF No. 73.

[21] Claim No. 6-1.  On December 13, 2024, Mr. Scattini filed a second proof of claim that appears to be a duplicate of Claim No. 6-1.  *See* Claim No. 7-1.  For purposes of this discussion, the Court will ignore Claim No. 7-1 and focus on Claim No. 6-1.  Trustee will have the opportunity to raise any appropriate objections to both claims upon further administration of this case.

[22] ECF No. 96.

[23] *Id*. at 12.

[24] *See supra* notes 2-3.

the Court of filings in this case, and because Mr. Scattini made a choice not to hire bankruptcy-specific counsel. Trustee argues the Court should deny the Scattini Motion based on the doctrine of "excusable neglect," but Mr. Downie insists that doctrine does not apply to an extension of time to file a proof of claim. Trustee notes that, if all administrative expenses are approved, the Trustee has $74,811.13 on deposit for distribution to priority and general unsecured claims. The priority claim of the Internal Revenue Service in the amount of $9,710.58 will be paid in full. Under the TFR, the timely filed general unsecured claims, totaling $921,569.40, will receive a 7.0641% distribution. If Mr. Scattini's claim in the amount of $325,000.00 is allowed in full, the distribution to the general unsecured creditors will be reduced from 7.0641 % to 5.2224%.

## Conclusions of Law

The time for filing a proof of claim in a Chapter 7 bankruptcy case is governed by Rule 3002(c). In a voluntary Chapter 7 case where it appears assets will be available for distribution, notice will be given to creditors to file a proof of claim within 70 days after the order for relief.[25]  If, on the other hand, it appears from the schedules that no assets will be available for distribution, the clerk may give notice to creditors that no assets appear to be available, and that they should not file proofs of claim until notified by the clerk to do so.[26]  If a trustee later determines that sufficient assets appear to be available to pay a dividend to creditors, notice will be given to creditors that a dividend payment is possible and setting a deadline to file proofs of claim.[27]  Ordinarily, proofs of claim filed after the

---

[25] Rule 3002(c).
[26] Rule 2002(e). Rule 2002(e) states:
> **(e) Giving Notice of No Dividend in a Chapter 7 Case.** In a Chapter 7 case, if it appears from the schedules that there are no assets from which to pay a dividend, the notice of the meeting of creditors may state:
> > (1) that fact;
> > (2) that filing proofs of claim is unnecessary; and
> > (3) that further notice of the time to file proofs of claim will be given if enough assets become available to pay a dividend.

[27] Rule 3002(c)(5).

claims bar date are treated as tardily filed, and will only be paid after all timely filed claims are satisfied.[28]

One of the exceptions to the claims filing deadline is found in Rule 3002(c)(7). Subparagraph (c)(7) provides that:

> **(7) Extending the Time to File.** On a creditor's motion filed before or after the time to file a proof of claim has expired, the court may extend the time to file by no more than 60 days from the date of its order. The motion may be granted if the court finds that the notice was insufficient to give the creditor a reasonable time to file.[29]

Under that rule, a creditor may move to extend the time to file a timely proof of claim if the notice to such creditor of the deadline was "insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim."[30] The creditor has the burden to demonstrate the insufficiency of the notice.[31] Unlike previous versions of the Rule, the focus is not "why," but merely whether the notice was insufficient.[32]  If a court grants a creditor's motion under Rule 3002(c)(7) to extend the time to file a proof of claim, the extension runs from the date of the court's decision on the motion.[33]

---

[28] § 726(a)(3).

[29] Rule 3002(c)(7).

[30] Rule 3002 advisory committee's note to 2022 amendment; *In re JC Farms, LLC*, No. 23-10278-357, 2024 WL 3352120, at *4 (Bankr. E.D. Mo. July 9, 2024); *In re Aguilar*, 668 B.R. 512, 514 (Bankr. S.D. Fla. 2025) ("[T]he Court concludes that 'the notice' means the actual notice of the time to file a proof of claim and not notice in general that a debtor has filed for bankruptcy.").

[31] *In re JC Farms, LLC*, 2024 WL 3352120, at *4 (first citing *In re Somerville*, 605 B.R. 700, 707 n.10 (Bankr. D. Md. 2019); and then *In re Mazik*, 592 B.R. 812, 818 (Bankr. E.D. Pa. 2018)).

[32] *Id*. ("Rule 3002(c)(6) was amended again in 2022 to its current form. This amendment broadened the application of the subparagraph so that it no longer matters why 'the notice was insufficient.'"). *See also In re Lambert*, No. 23-40161, 2024 WL 3713138, at *3 (Bankr. D. Idaho Aug. 7, 2024) ("Now, the cause of the insufficiency of notice is no longer confined to these two scenarios."). The rule was renumbered to 3002(c)(7) in 2024 with no significant change to the language or meaning of the rule. *See* Rule 3002 advisory committee's note to 2024 amendment.

[33] Rule 3002 advisory committee's note to 2017 amendment ("The amendment also clarifies that if a court grants a creditor's motion under this rule to extend the time to file a proof of claim, the extension runs from the date of the court's decision on the motion."). Mr. Downie suggests that Rule 3002(c)(7) requires a proof of claim to be filed within 60 days of the claims bar date. He cites no authority for that proposition. To the extent the language of the rule is ambiguous, the Court finds clarification in the advisory committee note.

Adequate notice of a claims bar date presumes "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[34] "[W]hen notice is a person's due, process which is a mere gesture is not due process."[35] The determination of whether notice of a bankruptcy filing provided to a creditor's lawyer, but not to the creditor himself, is sufficient, depends on the circumstances of each particular case.[36] In voluntary bankruptcy cases, the debtor must file with the petition a list containing, "the name and address of each entity included or to be included on schedules, D, E/F, G, and H."[37] Courts have held that listing an attorney's name and address (rather than the creditor's) does not meet the requirements of Rule 1007.[38] The language of Bankruptcy Rule 2002(g) also provides that a debtor shall send all notices directly to the creditor unless the creditor's agent directs otherwise in a request filed with the Bankruptcy Court.[39]

   a. *Notice of the Claims Bar Date was insufficient to give Scattini a reasonable time to file claim*

The Court finds that Rule 3002(c)(7) applies to the Scattini Motion. The rule requires Scattini to show that the BNC Bar Date Notice was insufficient, under the circumstances, to give him a reasonable time to file a proof of claim. In this case, Schumacher received the BNC 341 Notice, which stated that no assets would be available for distribution from the estate.[40] The BNC 341 Notice specifically told creditors not to file proofs of claim, and that they would be informed by the clerk when and if assets became available to pay claims, and they would be instructed how and when to

---

[34] *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) ("The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance.") (citations omitted)); *In re Taylor*, No. 22-12688, 2026 WL 467353, at *2 (Bankr. S.D. Ala. Feb. 18, 2026).

[35] *Mullane*, 339 U.S. at 315.

[36] *In re Taylor*, 2026 WL 467353, at *2.

[37] Rule 1007(a)(1).

[38] *In re Taylor*, 2026 WL 467353, at *3 (citing *In re Barnes*, 326 B.R. 832, 838 (Bankr. M.D. Ala. 2005)).

[39] Rule 2002(g).

[40] ECF No. 7.

file claims.[41] Upon receipt of the BNC 341 Notice, Schumacher informed Mr. Scattini of the bankruptcy case, the fact that Schumacher would not represent him, and that Mr. Scattini should seek alternative counsel. When Trustee determined that assets would be available for distribution, he circulated a notice pursuant to Rule 3002(c)(5) giving creditors notice they should file claims and setting the Claims Bar Date.[42] The BNC Bar Date Notice was mailed to Schumacher, but he has no record or recall of receiving the notice, and did not inform Mr. Scattini of same.

The Court finds that Debtor's listing of Mr. Scattini as a creditor in care of an attorney does not meet the requirements of Rule 1007.  Although Mr. Scattini was apprised of the filing of the bankruptcy case, he was not given sufficient notice to allow him to meaningfully participate in the claims process.  Though Mr. Scattini was in regular contact with Trustee about the case, both before and after the Claims Bar Date, there is no evidence Trustee ever directly or indirectly informed Mr. Scattini of the existence of assets or the need to file a claim to participate in their distribution.  The Court rejects Trustee's suggestion that Mr. Scattini should have gleaned from the Downie Motion and its eventual settlement that creditors were expected to file claims in the case. The Court finds Mr. Scattini did not receive adequate notice of the Claims Bar Date to allow him a meaningful opportunity to file a timely claim. Under the circumstances of this case, both due process and Rule 3007(c)(7) support the exercise of the Court's discretion.  Therefore the Court will grant the Scattini Motion and treat his claim as timely filed.[43]

   a. *Doctrine of Excusable Neglect does not apply to this matter.*

Mr. Downie correctly points out that the doctrine of excusable neglect does not apply to this matter.  Rule 9006 is a general rule governing the computation, enlargement, and reduction of periods

---

[41] *See* ECF No. 7 at 4.
[42] ECF No. 19.
[43] *In re JC Farms, LLC,* 2024 WL 3352120, at *6.

of time prescribed in other bankruptcy rules.[44] Rule 9006(b)(1) empowers a bankruptcy court to permit a late filing under certain circumstances if the movant's failure to comply with an earlier deadline "was the result of excusable neglect."[45]  Unlike Chapter 11 cases, the "excusable neglect" standard of Rule 9006(b)(1) does not apply to late filings of proofs of claim in Chapter 7 cases.[46] Rule 9006(b)(3) provides that the Court may extend the claims bar deadline in Chapter 7 cases only to the extent and under the conditions found in Rule 3002(c). Rule 3002(c)'s seven subdivisions provide the exclusive means to extend the claims bar date in Chapter 7 cases.[47]

### Conclusion

The Court concludes that, pursuant to Rule 3002(c)(7), the deadline to file a proof of claim should be extended for creditor Steven Scattini.  Both claims filed by Mr. Scattini, at Claim Nos. 6 & 7, will be considered timely filed pursuant to Rule 3002(c). The Court makes no determination regarding the allowance or disallowance of Mr. Scattini's claims, beyond their timeliness. Pursuant to his duties under § 704(a)(5), Trustee may raise any appropriate objections to the claims and proceed to complete the administration of this case.

Accordingly,

IT IS THEREFORE ORDERED that the Letter, filed by creditor Steven Scattini, which the Court has treated as an Objection to the Trustee's Final Report, is SUSTAINED.

IT IS FURTHER ORDERED that the Trustee's Final Report, at ECF No. 96, is NOT APPROVED.

IT IS FURTHER ORDERED that the Letter, filed by creditor Steven Scattini, which the Court has treated as a Motion to extend time to file a timely claim, is GRANTED.

---

[44] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 382 (1993).
[45] *Id.*
[46] *Id.* at 389; *In re Lambert*, 2024 WL 3713138, at *2.
[47] *In re Lambert*, 2024 WL 3713138, at *2.

IT IS FURTHER ORDERED that Claim Nos. 6-1 & 7-1, filed by creditor Steven Scattini, are considered timely filed under Rule 3002(c).

Dated this 11th day of May, 2026.

BY THE COURT:

PAUL R. THOMAS, CHIEF JUDGE
UNITED STATES BANKRUPTCY